The action stood continued nisi for the consideration of this point; and at an adjournment of the last March term in Suffolk, (present Parsons, C. J., Sewall and Parker, Justices,) the opinion of the court was declared to the following effect: —
• When the parties are living, an admission of a promise or contract as undischarged within six years before action brought, takes it out of the statute of limitations. (1) For the same reason, such an admission made by or to an executor or administrator after the six years, ought to be considered as having the same effect. The English practice requires in this latter case a special count. (2) *118 But this practice has no bearing upon the merits, and it is incomenient, as tending to produce prolixity of pleading.'
The sound principle which ought to govern in the construction of the statute is, that a presumption arises, that the defendant, from the lapse of time, has lost the evidence which would have availed him in his defence, if seasonably called upon for payment. But when this presumption is rebutted by an acknowledgment of the defendant within six years, the contract is not within the intent of the statute, (a)

Judgment on the verdict.

 Carth. 470. — 2 D. & E. 760, Lloyd vs. Mound.

 Salk. 28, Dean vs. Crane.—[Sarell vs. Wine, 3 East, 409, 6th Eng. ed.— Willes, 29.-2 Chitt 68.—Ed.]

.) [ Whitney vs. Bigelow, 4 Pick. 110.— Bangs vs. Hall, 2 Pick. 368.—Eu.]